# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS ERIC CONMY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondant.

Case No. 2:08-CV-00436-KJD-GWF
2:05-CR-00083-KJD -GWF

**ORDER**

    Before the Court is the Motion to Vacate (#100), the Motion for Extended Brief (#101), the Amended Motion to Vacate (#102), and the Motion for Appointment of Counsel (#103) of Movant Thomas Eric Conmy.

    The filing of the Amended Motion, renders the Motion to Vacate moot. The Motion for Extend Brief is granted *nunc pro tunc*.

I. Background

    Defendant's instant Motion seeks that the Court set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel.

    On April 25, 2006, Movant was convicted by a jury for possession with the intent to distribute a controlled substance and the manufacture of methamphetamine in violation of 21 USC §841(a)(1) & §841(b)(1)(A)(viii). He was also convicted for possession of a firearm by a convicted felon in violation of 18 USC §922(g)(1) & §924(a)(2). On October 19, 2006 Movant appeared before the Court and, based on his two prior drug convictions, was sentenced to two life sentences for the drug related charges and 120 months for the firearms violation. All sentences were ordered to

be served concurrently.  The judgment of the Court was upheld on appeal to the Ninth Circuit Court of Appeals on November 20, 2007.

Movant claims ineffective assistance of counsel on the following bases: (1) Counsel was ineffective in failing to object to the Government's proof of a prior felony drug conviction; (2) Counsel was ineffective in attempting to obtain a plea agreement; (3) Counsel was ineffective in failing to adequately challenge the search warrant; (3) Counsel was ineffective for failing to object to the entry of certain exhibits in photographic form.

II.  Legal Standard

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel.  Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness.  See Id. at 688.  In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors.  See Id. at 690.  Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).  To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him.  See Strickland, 466 U.S. at 687.  Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  See id. at 694.  The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail.  See id. at 687.

III.  Analysis

A.  Failure of Counsel to Object to the Government's Proof of Prior Felony Drug Conviction

Prior to Sentencing, the Government filed an information containing a record of an April 11, 1994 single-count charge for violation of 11350(a) of the California Health and Safety Code for

possession of cocaine.  Also submitted was a California state court minute order showing entry of judgment against Movant by a guilty plea to that offense.  Contrary to Movant's assertion, the Ninth Circuit has held that district courts may rely on minute orders in determining prior convictions for purposes of sentencing enhancements.  U.S. v. Snellenberger, 548 F.3d 699, 702 (9th Cir. 2008) (use of California state court minute order to determine whether defendant was career offender under modified categorical approach was appropriate).  Under the high standard set forth in Strickland, Movant cannot show that his counsel's failure to challenge the sufficiency of the minute order as evidence of his prior conviction was unreasonable or that any prejudice resulted.  Movant's claim for relief on this basis fails.

### B.  Failure of Counsel to Obtain a Plea Agreement

Movant claims that counsel was ineffective in failing to obtain a plea agreement.  The Government offered Movant a plea bargain which expired on March, 3, 2006.  On the eve of trial, Movant's attorney allegedly represented to him that the Government might accept a plea.  Movant signed the expired plea agreement.  The Government rejected the belated plea agreement.  The record demonstrates that, prior to signing the plea agreement, the Government had informed Movant's attorney that it was too late to enter a plea and the Government was moving forward with trial.  Since the Government would not have accepted the plea, Movant's counsel's mistaken impression that the Government was open to the possibility was immaterial.  Movant cannot show that he received ineffective assistance of counsel, because he cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  Accordingly, Movant's claim on this basis fails.

### C.  Failure of Counsel to Adequately Challenge the Search Warrant

Movant contends that he received ineffective assistance of counsel because his original counsel, Mr. Leventhal, did not challenge the search of his residence on February 2, 2005 pursuant to a search warrant.  Movant's subsequent counsel attempted to obtain a motion for leave to file a

motion to suppress which this Court appropriately denied.  See United States v. Vargas-Castillo, 329 F.3d 715 (9th Cir. 2003) (a court may deny a motion for leave to file an untimely motion to suppress without reaching the merits of the motion).

Movant does not identify how this decision by Mr. Leventhal violated the "[p]revailing norms of practice as reflected in American Bar Association standards and the like." Strickland, 466 U.S. at 688.  Further, Movant's contentions do not have support in the record.  For example, one of his main contentions is that the detective failed to photograph the "buy money" used by the informant to purchase methamphetamine prior to the sale. (Motion at 18.)  However, the record demonstrates that the detective did photograph the money prior to the buy.  (ER 250:1-2.)   The other contentions in Movant's motion relating to failure of counsel to challenge the warrant are similarly unpersuasive under Strickland's "highly deferential" standard for ineffective assistance of counsel claims.  Accordingly, Movant's claims on these bases fail.

### D.  Failure to Object to Photographic Evidence

Movant claims that his counsel rendered ineffective assistance by failing to object to the admission of photographs at trial in violation of the best evidence rule.  Movant misstates the best evidence rule.  The best evidence rule does not apply where, as here, "a witness merely identifies a photograph or videotape 'as a correct representation of events which he saw or of a scene with which he is familiar.'"  U.S. v. Bennett, 363 F.3d 947, 953 (9th Cir. 2004) (quoting  Fed.R.Evid. 1002 Advisory Committee Note).  Movant provides no basis to overcome the strong presumption that counsel acted reasonably.  Accordingly, this claim fails to show ineffective assistance of counsel.

### IV. Motion For Appointment of Counsel

Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to

counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954.

The Court has reviewed the Movant's petition and the file in this matter.  The issues are not particularly complex, and petitioner has been able to articulate his claims.  The claims in the Motion to Vacate are unsupported by the record and the law. The Court exercises its discretion to deny Movant's request. See  Pennsylvania v. Finley, 481 U.S. 551 (1987).

V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate (#100) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Movant's Motion for Extended Brief (#101) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Movant's Amended Motion to Vacate (#102) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion for Appointment of Counsel (#103) is **DENIED**.

DATED this 30th day of August 2011.

_____
Kent J. Dawson
United States District Judge