# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS ERIC CONMY, | Case No. 2:05-CR-83-KJD-GWF |
| Movant, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondant | |

Before the Court are Thomas Conmy's ("Movant") motions for Certificate of Appealability (#121), for Clarification Due to Clerical Error Relating to #121 (#124), and to Preserve Holdings (#125). No responses have been made, and the latest time to respond expired in mid-February.

<u>I. Motion for Clarification (#124)</u>

Movant asserts that he mistakenly filed his Motion for a Certificate of Appealability with the wrong case number, and petitions the Court to consider it in the present case. While Movant did make some clerical errors, the present case number was included in the motion and the motion was properly filed by the clerk in this case. Accordingly, Movant's Motion for Clarification Due to Clerical Error Relating to #121 (#124) is **HEREBY GRANTED**, and the Court will consider the motion for Certificate of Appealability in this Order.

<u>II. Motion for Certification of Appealability (#121)</u>

A Certificate of Appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that Movant "demonstrate that the issues are debatable among jurists of reason; that a court could

resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal alterations and emphasis omitted).

For the reasons provided by this Court in its prior order (#114), Movant cannot meet this standard. Further, as noted by the Ninth Circuit, any further appeal is time-barred (#127). Accordingly, Movant's Motion for Certificate of Appealability is **HEREBY DENIED**.

III. Motion to Preserve Holdings (#125)

Movant petitions the Court to take notice of the Supreme Court decision Alleyne v. United States, 133 S. Ct. 2151 (2013). However, Movant's petition is moot. Movant correctly does not assert that Alleyne applies retroactively, foreclosing further relief under 18 U.S.C. § 2255. Further, this Court would lack the authority to provide relief even if Alleyne did apply retroactively. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h).

IV. Conclusion

Accordingly, and for the above reasons, Movant's Motion for Certificate of Appealability (#121) is **HEREBY DENIED**; Movant's Motion to Preserve Holdings (#125) is also **DENIED as MOOT**.

Movant's Motion for Clarification (#124) is **HEREBY GRANTED**.

DATED this 24th day of April 2014.

_____
Kent J. Dawson
United States District Judge