# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS ERIC CONMY,

    Defendant.

Case No. 2:05-cr-00083-KJD-GWF
2:16-cv-00914-KJD

**ORDER**

Presently before the Court is Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#155). The Government filed a response (#159). Also before the Court is Defendant's Motion for Status Regarding Motion to Vacate (#156).

**I. Background**

On April 12, 2005, a grand jury in the District of Nevada returned a superseding indictment against Defendant for violating 21 U.S.C. § 841 by possessing with intent to distribute and manufacturing methamphetamine, and 18 U.S.C. §§ 922 and 924 by possessing a firearm as a convicted felon. On March 13, 2006, the Government filed a notice of two prior felony convictions under 21 U.S.C. § 851. Defendant's jury trial commenced on April 24, 2006, and concluded on April 25, 2006; the jury found Defendant guilty on all counts.

On October 27, 2006, the Court entered judgment sentencing Defendant to life imprisonment, the mandatory sentence given Defendant's prior felony convictions. Defendant appealed, and the Ninth Circuit affirmed on December 17, 2007. On April 3, 2008, Defendant filed a 2255 motion which the Court denied on the merits.

After Defendant's sentencing, California adopted Proposition 47 which allowed California courts to reclassify certain felony convictions as misdemeanor offenses. Pursuant to Proposition 47, on February 26, 2016, the Superior Court of California, County of Los Angeles, reclassified Defendant's felony conviction under California Penal Code § 11350(A) for possession of cocaine as a misdemeanor. On April 21, 2016, Defendant filed an appropriate second 2255 motion[1] based on the new misdemeanor reclassification.

As dictated by 21 U.S.C. § 841(b)(1)(A), the Court relied on the felony conviction that is now reclassified as a misdemeanor when sentencing Defendant to a mandatory life sentence. 21 U.S.C. § 841(b)(1)(A) states, "If any person commits a violation of this . . . title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence." Defendant argues that because his previous felony conviction is now reduced to a misdemeanor, he no longer qualifies for a mandatory life sentence.

**II. Analysis**

In 2016 in <u>United States v. Diaz</u>, the Ninth Circuit had before it a near factually identical case: a defendant had been sentenced to life imprisonment based on two prior California felonies that qualified him for a mandatory sentencing enhancement under 21 U.S.C. § 841. See <u>United States v. Diaz</u>, 838 F.3d 968 (9th Cir. 2016). After his sentencing, California adopted Proposition 47, and the <u>Diaz</u> defendant "successfully petitioned a California court to reclassify one of his prior California felonies— on which his federal enhancement was based— as a misdemeanor." <u>Id.</u> at 971. The Ninth

---

[1] "Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded." <u>United States v. Buenrostro</u>, 638 F.3d 720, 725 (9th Cir. 2011).

2

Circuit was then faced with the question of whether a federal sentencing enhancement should be invalidated when one of the predicate felonies has since been reclassified as a misdemeanor. The Court held "Proposition 47 does not change the historical fact that [the defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" Diaz, 838 F.3d at 971 (citing 21 U.S.C. § 841(b)(1)(A)).

While Proposition 47 states that reclassified misdemeanors "shall be considered misdemeanors for all purposes," it also states "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." Cal. Penal Code § 1170.18(k), (n). Here, Defendant's federal sentencing falls outside the purview of Proposition 47. "California's actions— taken long after [the defendant's] state conviction became 'final'— have no bearing on whether § 841's requirements are satisfied." Diaz, 838 F.3d at 972. Thus, regardless of the retroactive effect Proposition 47 may have within the application of California state law,[2] a federal conviction remains unaffected.

The only time a subsequent state-court modification of a prior conviction can retroactively alter the effect it had on federal sentencing is when the reclassification alters the legality of the original state conviction, such as if a defendant were found actually innocent of the underlying crime. See U.S. v. Norbury, 492 F.3d 1012, 1015 (9th Cir. 2007). Otherwise, a federal sentencing enhancement "does not depend upon the mechanics of state post-conviction procedures," but instead only relies on the state conviction's "underlying lawfulness." Here, the historical fact remains that at the time of federal sentencing, Defendant had two lawful felony convictions that had become final. Proposition 47 does not retroactively make Defendant's felony conviction a misdemeanor for federal sentencing purposes. See Diaz, 838 F.3d at 975. This Court is bound by Diaz, and as such Defendant's 2255 motion must be denied.

---

[2] "Although the [state's] statute [can] determine the status of the conviction for purposes of state law, it [can]not rewrite history for the purposes of the administration of the federal criminal law or the interpretation of federal criminal statutes." United States v. Bergman, 592 F.2d 533, 536 (9th Cir. 1979).

3

### III. Certificate of Appealability

In order for Defendant to assert a right to appeal this final order, he must first warrant a certificate of appealability. 28 U.S.C. § 2253(b), (c)(1). To do so, Defendant must make "a substantial showing of the denial of a constitutional right," and "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debateable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). First, the issue at hand is not constitutional in nature. Additionally, the Ninth Circuit squarely addressed the issue raised by Defendant in its 2016 decision United States v. Diaz— reasonable jurists would find little room for debate. Thus, this Court denies Defendant a certificate of appealability.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 (#155) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Status Regarding His Motion to Vacate (#156) is **DENIED as moot**.

IT IS FURTHER ORDERED that Defendant is **DENIED** a certificate of appealability.

DATED this 8th day of December, 2017.

_____
Kent J. Dawson
United States District Judge