UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent/Plaintiff,<br><br>　　v.<br><br>THOMAS ERIC CONMY,<br><br>　　　　　　　　Petitioner/Defendant. | Case No. 2:05-cr-0083-KJD-GWF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ORDER REDUCING SENTENCE** |

Before the Court is Defendant's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) (#170/172). Respondent United States responded in opposition to the motion (#173) to which Defendant replied (#176).

I.　　Factual and Procedural Background

Defendant Thomas Conmy ("Conmy") was found guilty by a jury on three counts: possession with intent to distribute a controlled substance, manufacturing of methamphetamine, and felon in possession of a firearm. (#172, at 1–2). Due to Conmy's previous criminal history, the government intended to seek an increased sentence. Id. at 2. Conmy's Presentence Investigation Report ("PSR") indicates his previous convictions in state court include traffic violations, domestic battery, and drug offenses. Conmy was sentenced to life in prison, with a 120-month concurrent sentence, and 10 years of supervised release. Id. Conmy has served approximately 187 months of his life sentence. Id. Conmy filed a *pro se* motion for compassionate release (#170) that was supplemented upon appointment of his attorney. (#172).

II.　　Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

1   That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.   Analysis

Conmy has not satisfied the administrative exhaustion requirements for a reduction of sentence and asks the Court to waive the requirement. The question of waiving the exhaustion of administrative remedies has been raised many times in the Ninth Circuit. District courts in the circuit "have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." United States v. Fuller, 2020 WL 1847751, *2 (W.D. Wash. Apr. 13, 2020); see also United States v. Route, 458 F.Supp.3d 1285, 1288 (W.D. Wash. Apr. 29, 2020) (collecting cases). Conmy's failure to exhaust his administrative remedies bars him from seeking relief in this Court. The circumstances of "COVID-19 do[] not extinguish the 30-day exhaustion requirement." Route, 458 F.Supp.3d at 1288. Conmy's application must be denied for this reason.

Additionally, Conmy has not shown that extraordinary and compelling reasons warrant the relief requested. Conmy claims that his age and history of high cholesterol and hypertension,

as documented in his PSR, put him at high risk of contracting COVID-19. However, the PSR does not outweigh the evidence in Conmy's medical records. The records show that Conmy is not at additional risk. Conmy has not been taking medication for high cholesterol and has not been treated or had symptoms of hypertension for over fifteen years. Conmy's underlying conditions do not rise to the level of risk to warrant reduction of sentence.

There is also no indication that Conmy would be any more protected if he were to be released. Conmy's facility has not seen devastating COVID-19 impacts. As of the date of this writing, FCI Florence has 31 infected inmates and has experienced only one COVID-19 death. FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Jan. 15, 2021). While it may be more difficult to socially distance in BOP custody, with the rise in cases in Nevada and throughout the country, there is no indication that Conmy is at any more risk currently than if he were released. Furthermore, Conmy's past behavior of refusing and failing to adequately prepare for colonoscopies and rudely rejecting cholesterol medication from BOP doctors make the Court question whether Conmy would follow directives to slow the spread or avoid infection upon release. Having applied the relevant factors, and considering the facility's low COVID-19 numbers and Conmy's lack of serious risk, the motion must be denied.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Order Reducing Sentence or Modifying Judgment (#170/172) is **DENIED**.

Dated this 15th day of January, 2021.

Kent J. Dawson
United States District Judge