UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THOMAS ERIC CONMY,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:05-cr-00083-KJD-GWF<br><br>**ORDER - Motion for Compassionate Release and Motion for Appointment of Counsel** |

　　Presently before the Court is Defendant's pro se Notice of Attachment for Compassionate Release and Letter of Authority (#181/182). The Court liberally construed this notice and letter as a second motion for compassionate release. (#184). The United States responded in opposition (#185) to which Defendant replied (#190). Also, before the Court is Defendant's Motion for Appointment of Counsel (#188). The United States did not file a response. For the reasons stated below, Defendant's second motion for compassionate release is deferred, and his Motion for Appointment of Counsel is granted.

I.　　Factual and Procedural Background

　　Defendant Thomas Conmy is currently serving life in person for having committed the following offenses: possession with intent to distribute a controlled substance (methamphetamine), manufacture of methamphetamine, and possession of a firearm by a convicted felon. (#80). Previously, Defendant filed a motion for compassionate relief arguing that his age and history of high cholesterol and hypertension put him at high risk of contracting COVID-19. (See #170/172). This Court denied Defendant's motion because he had not exhausted his administrative remedies or shown that extraordinary and compelling reasons warrant the relief requested. (#180). Defendant now brings this second motion and argues (1) that a reduction in his sentence is warranted because he would have received a shorter sentence had he been sentenced today and (2) that his health is deteriorating. (#181).

II.　　Legal Standard

　　"District courts can modify prison sentences only in limited circumstances set out by federal

statute." <u>United States v. King</u>, 24 F.4th 1226, 1228 (9th Cir. 2022). 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court. <u>Id.</u> That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" warranting such a reduction and that such a reduction is consistent with policy statements issued by the Sentencing Commission. <u>Id.</u> "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." <u>United States v. Chen</u>, 48 F.4th 1092, 1095 (9th Cir. 2022).

III.     <u>Analysis</u>

As an initial matter, Defendant's motion included a letter from the Bureau of Prisons regarding his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (#181, at 10). As the United States did not raise any objection to this letter in its response, the Court finds this letter as proof that Defendant has exhausted his administrative remedies. Therefore, the Court's analysis is limited to a discussion of whether Defendant has demonstrated extraordinary and

compelling reasons for reducing his sentence and whether a reduction is warranted under the 18 U.S.C. § 3553(a) factors.

**A.  Extraordinary and Compelling Reasons**

Liberally construed, Defendant argues that because of the First Step Act, one of his predicate drug offenses is no longer considered a "serious drug felony" for sentencing under 21 U.S.C. § 841(b)(1)(A)(viii) (hereinafter "§ 841"), and there now exists a disparity between his sentence and the sentence he would receive today.[1] (See #181, at 8). Defendant argues this disparity constitutes an extraordinary and compelling reason for reducing his sentence. Id. at 9. The Court agrees.[2]

"[A] district court may consider the First Step Act's non-retroactive changes to sentencing law, in combination with other factors particular to the individual defendant, when determining whether extraordinary and compelling reasons exist for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." Chen, 48 F.4th at 1093. Filed in 2006, Defendant's Presentence Investigation Report ("PSR") contains two drug violations that were deemed as qualifying felony convictions for a § 841 sentencing enhancement.[3] (PSR). At the time Defendant was sentenced, § 841 imposed a mandatory sentence of life imprisonment for individuals with two or more felony drug convictions. This is no longer the case. As it stands today, "if [a] person commits [a § 841]

---

[1] The Court agrees with Defendant that his first qualifying conviction—cocaine possession—is no longer relevant for sentencing under § 841 but disagrees that it creates a sentencing disparity. (#181, at 8). The sentencing disparity, as addressed above, comes from § 841 having been amended, not from his cocaine possession conviction no longer being considered a "serious drug felony." (See PSR, at 8); 21 U.S.C. §§ 802(57)(A), (57)(B). Defendant still has a qualifying drug felony for sentence enhancement under § 841, so a term of life imprisonment is still an authorized sentence. (See PSR, at 14); 21 U.S.C. § 841(b)(1)(A)(viii).

[2] The Court does not address Defendant's argument that his deteriorating health amounts to an extraordinary and compelling reason for reduction of his sentence, as it was already addressed by a previous order (#180). Even liberally construed, Defendant's second motion for compassionate release adds nothing new for the Court to consider regarding this argument. (See #181, at 5).

violation after a prior conviction for a serious drug felony . . . has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment[.]" 21 U.S.C. § 841(b)(1)(A)(viii). As read today, § 841 no longer imposes a mandatory sentence of life imprisonment. See id.

Discussed in detail below, if sentenced today, Defendant would not receive a sentence of life imprisonment. The Court finds that this disparity—potentially serving life in prison or not—weighs in favor of Defendant's argument that an extraordinary and compelling reason warrants a sentence reduction. Therefore, the changes to § 841 do constitute an extraordinary and compelling reason for reducing Conmy's sentence.

**B. 18 U.S.C. § 3553(a) Factors**

Furthermore, a sentence reduction is warranted under the applicable § 3553(a) factors. In determining the particular sentence to be imposed, the Court considers the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant: (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) protection of the public; (4) the sentence and sentencing range established for the category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C), (a)(4)(A), (a)(6). After reevaluating these factors, the Court finds that the sentence Defendant received—life imprisonment—was greater than necessary.

If sentenced today, with a criminal history category of IV and an offense level of 38, Conmy would be facing an advisory guideline range of 324-405 months imprisonment. U.S.S.G. Ch. 5, Pt. A. Accordingly, the Court finds that the applicable § 3553(a) factors weigh in favor of Defendant's argument that a sentence reduction is warranted. However, the Court defers resentencing until Defendant is appointed counsel.

IV.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's second motion for compassionate release (#182/181) is **DEFERRED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel

1  (#188) is **GRANTED**, and the Federal Public Defender for the District of Nevada is hereby
2  appointed to represent Defendant Thomas Conmy in all further proceedings relating to this
3  Court's Order.
4      **IT IS FURTHER ORDERED** that the parties file a status report within thirty days of
5  this Order.
6      **IT IS FURTHER ORDERED** that Defendant's motions for status (#192/189/183) are
7  **DENIED** as moot.
8      **IT IS FURTHER ORDERED** that because the United States did in fact respond to
9  Defendant's second motion for compassionate release (#185), Defendant's Motion for Default
10 Judgment (#193) is **DENIED** as moot.
11     **LASTLY**, the Clerk of the Court will provide Defendant with a copy of this order and
12 the docket sheet.

14 Dated this 26th day of October 2023.

_____
Kent J. Dawson
United States District Judge